# Brinton *v.* Martin.

197    615
207    ¹613

*Will—Rule in Shelley's Case—Devise.*

Where the intention of the testator is that the second taker shall take not from him, but from the first taker, then the words " children," " issue," etc., as well as " heirs " become a word of limitation, and the rule in Shelley's Case is applicable.

A devise to a son " to be held, by him, for his own use during his life, at his death, the same to descend to his children, or in default of children, to his legal heirs, " creates in the son an estate in fee simple.

Argued Oct. 16, 1900. Appeal, No. 149, Oct. T., 1900, by plaintiffs, from judgment of C. P. Washington Co., Feb. T., 1900, No. 144, for defendants on case tried before the court without a jury, in suit of S. M. Brinton, Guardian of Stella and Elsie McGahey, George C. McPeake, Guardian of Arthur McGahey, v. S. A. Martin. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Ejectment for land in North Strabane township.

The case was tried by the court without a jury, under the act of April 22, 1874.

McIlvaine, P. J., filed the following opinion:

## FACTS FOUND.

The undisputed facts of this case are found to be as follows, to wit:

1. The plaintiffs, as well as the defendant in this case, claim title under Thomas McGahey, Sr., who owned in fee simple the land in dispute at the date of his death.

2. Thomas McGahey, Sr., died November 14, 1884, leaving a will dated October 29, 1884, which was duly probated on December 10, 1884, and which will be found of record in the office of the register of wills in will book No. 12, at page 10, and which is in the words following, to wit:

" Last will and testament of Thomas McGahey, of N. Strabane tp., Washington Co., Pa.

" Know all men by these presents that I, Thos. McGahey of N. Strabane tp., Washington Co., Pa., farmer, being in ill

health and of sound and disposing mind and memóry, do make and publish this my last will and testament, hereby revoking all former wills by me at any time heretofore made. After the payment of all my just debts and funeral expenses I give and bequeath as follows:

"1st. To my wife her legal dower in the farm on which I now reside. All the household goods and furniture, except as bequeathed below to my daughters, one room, her choice, in the house I now occupy, one cow, and one hundred ($100) dollars annually from each of my daughters.

"2nd. To my daughters Lizzie and Maggie, the sixty acres of land, more or less, purchased from Wm. Donaldson; also the ninety acres of land, more or less, purchased from John B. Weaver; also two thousand ($2,000) dollars; also two horses and fifty ewes, to be divided equally, subject to the payment of one hundred ($100) dollars annually by each of my daughters to my wife (as above devised), one cow to each, also one bed, bedding and bedstead each.

"3rd. To my son Thomas the farm on which I now live, consisting of one hundred and ten acres, more or less, subject to my wife's legal dower (as bequeathed above). This farm to be held by him for his own use during his life; at his death, the same to descend to his children, or in default of children, to his legal heirs. Also all my farming implements and utensils, including spring wagon, buggy and sleigh, farm harness and double set of buggy harness.

"4th. If any of my children should die without lawful issue the share or shares of such shall be equally divided amongst my then surviving children.

"5th. I direct the remainder of my personal estate, after having sold all horses, cattle, sheep, hogs, etc., not above bequeathed, to be equally distributed to my wife and three children, share and share alike.

"Lastly, I do nominate and appoint my three children, viz: Thos., Lizzie and Maggie, executors of this my last will and testament.

"In witness whereof I have hereunto set my hand and seal this 20th day of October in the year of our Lord one thousand eight hundred and eighty-four (1884)."

3. Thomas McGahey, Jr., the person named in the third para-

graph of the will of Thomas McGahey, Sr., died February 8, 1899, intestate, leaving to survive him a widow, Minnie McGahey, two daughters, Stella McGahey and Elsie McGahey, and one son, Arthur McGahey, the ward plaintiffs in this case.

4. Stella McGahey and Elsie McGahey were born before the testator wrote his will, and Arthur McGahey was born not only after he wrote his will but after the date of his death.

5. The land in dispute, being the farm mentioned in the third paragraph of the will, was sold by the administrators of the estate of Thomas McGahey, Jr., for the payment of his debts, to the defendant Samuel A. Martin, who has paid the purchase money. This sale was regularly made under an order properly issued out of the orphans' court of this county, and was duly confirmed at No. 15, May term, 1899, of this court, and the defendant was in possession under his deed of conveyance from the administrator at or before the issuance of the writ in this case. The administrators of the estate of Thomas McGahey, Jr., were S. W. McCurdy and C. E. Carothers, and letters of administration were duly issued to them before said order of sale was obtained by them from the orphans' court.

### CONCLUSIONS OF LAW.

1. Under the facts found we are of opinion that the title to the land in dispute is in the defendant, and that the plaintiffs are not entitled to recover.

In support of this conclusion we submit these considerations:

It is apparent that the testator, Thomas McGahey, Sr., did not intend that the children of Thomas McGahey, Jr., should take the land in dispute from him, the testator, as purchasers. The language of the third paragraph of his will shows his intention to be to give the land to his son, who could use it for his life, when it was to descend from Thomas McGahey, Jr., to his children, or in default of children, to his legal heirs. The testator did not give the land to the children of Thomas McGahey, Jr., as remainder-men, and if there were no children living at the death of Thomas McGahey, Jr., then to his legal heirs as remainder-men in place of these children; but on the contrary he gave the land to Thomas McGahey, Jr., with this implied condition that he was not to sell, but keep it and use it during his life so that it could descend to his children or (other) legal heirs if he had no children.

Where the intention of the testator is that the second taker shall take not from him, but from the first taker, then the words " children," " issue," etc., as well as " heirs " become a word of limitation, and the rule in Shelley's Case is applicable.

In Potts's Appeal, 30 Pa. 170, the rule is stated in this way : " Where it appears that the issue is to take by inheritance from the first devisee, the inheritable estate vests as such in the devisee. Any form of words sufficient to show that the remainder is to go to those whom the law points out as the general or lineal heirs of the first taker, will enlarge the estate for life of the first taker to an estate tail by implication."

In Yarnell's Appeal, 70 Pa. 341, Mr. Justice AGNEW says : " Each of the words, ' heirs,' ' heirs of the body,' ' issue,' ' children,' ' sons ' and similar expressions, has been held to be a word of limitation or a word of purchase as the intent of the testator in the particular will has been found to warrant it."

In Haldeman v. Haldeman, 40 Pa. 35, Mr. Justice STRONG says : " Whenever, therefore, in the devise of a remainder to the child or children of the first taker, it is made clearly to appear that those words are used in the sense of ' issue ' or ' heirs of the body,' they are to be treated as describing lineal succession to an entail. Cases are numerous of devises to one for life or for life only, with the remainder to his ' son ' or ' first son ' or eldest son in the singular number, all properly words of purchase, with a devise over in default of issue of the first taker, in which he has been held to take an estate tail in order to let in other sons who, without such construction, would be excluded."

If Thomas McGahey, Sr., in writing his will had in mind when he used the word " children " in the third paragraph of his will, Stella McGahey and Elsie McGahey, children of Thomas McGahey, Jr., then born, and he intended to devise an estate in remainder to them individually, what is to become of the claim of Arthur McGahey, the other child, born after the death of the testator. To let him in, the word " children " must not be taken as descriptive of certain individuals living when the testator wrote his will or when he died, but must be " elevated into a generic term embracing the whole line of lineal succession and, therefore, a word of limitation."

In Potts v. Kline, 174 Pa. 515, the court says, using the lan-

guage of the learned judge who wrote the opinion in the court below: "The word 'descend' ordinarily denotes the vesting of an estate, by operation of law, in the heirs immediately upon the death of the ancestor, and its use is referred to in Haldeman v. Haldeman, 40 Pa. 29, as indicative of the character in which the remainder-men are to take, viz: by inheritance from the first taker, and not as a new stock, thus pointing to the first taker as vested with an estate of inheritance and to the construction of the word 'children' as a word of limitation. If, however, the word is used in the sense of heirs of the body or issue, then the phrase 'and if no children' imports an indefinite failure of issue: Armstrong v. Michener, 160 Pa. 21, and the first taker has the entire fee."

We are clearly of the opinion that under the law of this commonwealth, Thomas McGahey, Jr., at the time of his death, was the owner in fee simple of the land in dispute, and that the defendant took a good title from the administrators of his estate.

And now, March 17, 1900, it is ordered that this decision be filed, and notice thereof be given the attorneys of record, and if no exceptions are filed, that judgment be entered, as provided by the act of assembly approved April 22, 1874, in favor of the defendant and against the plaintiffs for the land described in the plaintiffs' præcipe, and for costs.

*Error assigned* was the judgment of the court.

*Albert S. Sprowls*, with him *John W. & A. Donnan, A. G. Braden* and *C. W. Campbell*, for appellants.—Thomas McGahey, Jr., took a life estate. The word "children" is primarily a word of purchase: Guthrie's App., 37 Pa. 14; Cote v. Von Bonnhorst, 41 Pa. 243; Deley v. Koons, 90 Pa. 246; Haldeman v. Haldeman, 40 Pa. 29; Keim's App., 125 Pa. 480.

To give to the word "descend" in the third paragraph of the will of the testator the meaning contended for, would do violence to the will, and also would be giving to the word itself, as used by the testator, a different meaning from that intended by him. He evidently used the word "descend" in the same sense as that of "to go" to or "to vest" in. This is apparent because the gift over in paragraph three is to "the legal heirs" of

Thomas McGahey, Jr. Accordingly, the meaning had in mind by the testator when he used the word "descend" is plain, for the reason that had he used in place thereof the words "to go" to or "to vest" in, the same idea would have been exactly expressed: Potts v. Kline, 174 Pa. 513; Keim's App., 125 Pa. 480; Tyler v. Moore, 42 Pa. 374.

The word "then" as used by the testator is significant, because it not only indicates the time when the devise over is to take effect, but also clearly indicates that the entire line of lineal succession was not contemplated: Walker v. Milligan, 45 Pa. 178.

Where the word "issue" is used, and it relates to devisees who have taken as children and purchasers, it means such issue of the ancestor, or children: Curtis v. Longstreth, 44 Pa. 297; Hill v. Hill, 74 Pa. 173; Mannerback's Est., 133 Pa. 342; Gernet v. Lynn, 31 Pa. 98.

*W. S. Parker* and *Winfield McIlvaine*, for appellee, were not heard, but argued in their printed brief.—Whenever the terms of the limitation can be fairly and justly interpreted to mean heirs, or heirs of the body, an estate of inheritance will be presumed to have been intended by the testator: Dodson v. Ball, 60 Pa. 500; Physick's App., 50 Pa. 128; Armstrong v. Michener, 160 Pa. 21; Potts v. Kline, 174 Pa. 513.

Any form of words sufficient to show that the remainder is to go by way of descent to those whom the law points out as the general or lineal heirs of the first taker, vests an estate in fee simple in such first taker: Potts's App., 30 Pa. 170; Yarnell's App., 70 Pa. 335.

PER CURIAM, January 7, 1901:

This is an action of ejectment to recover possession of 110 acres of land in North Strabane township, Washington county, which the administrators of the estate of Thomas McGahey, Jr., sold under an order of the orphans' court of said county in payment of the decedent's debts. The parties claiming a right of possession and a fee simple title to the land are the children of Thomas McGahey, Jr., who died on February 8, 1899, and the parties denying the validity of their claim are the administrators of the estate and the purchaser at the orphans' court sale.

The trial of the case was submitted by the parties to the court under the act of April 22, 1874. That Thomas McGahey, Sr., was at the time of his death on November 14, 1884, the owner of a fee simple title to the land in dispute is conceded by the parties, and that in the first sentence of the third paragraph of his will dated October 29, 1884, he devised said land to his son Thomas McGahey, Jr., subject to the dower interest of his widow therein, is clearly within the knowledge of the litigants. The plaintiffs, however, contend that the provisions in the second sentence of said paragraph reduced the interest of Thomas McGahey, Jr., in the land to a life estate which terminated at his death. It is also contended by the plaintiff that the children of Thomas McGahey, Jr., have an estate in fee simple in the land under and by virtue of the will of Thomas McGahey, Sr. This and the preceding contention of the plaintiffs must therefore be determined by a just and reasonable construction of said will assisted by a reference to the cases pertinent to the questions involved in the case at bar.

The learned judge of the court below, upon a careful consideration of the provisions of the will, arrived at a conclusion opposed to the contention of the plaintiffs, and in accord with the contention of the defendant in the suit. In a clear and satisfactory opinion including references to and quotations from decisions of this court, it is adequately shown by the learned judge that the purchaser at the orphans' court sale acquired and now has a title to the land in dispute. We therefore dismiss the assignments of error and affirm the judgment on the opinion above referred to.

Judgment affirmed.